IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| NEVA HERON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 15-5686 |
| | : | |
| v. | : | |
| | : | |
| SKY NJ, LLC d/b/a SKY ZONE INDOOR | : | |
| TRAMPOLINE PARK, AND SKY ZONE | : | |
| FRANCHISE GROUP, LLC, SKY ZONE, LLC | : | |
| & ABC, INC. (1-5), | : | |
| Defendants. | : | |

**Jones, II    J.**                                                                 **February 22, 2016**

## **MEMORANDUM**

On October 19, 2015, Neva Heron ("Plaintiff") filed a Complaint against Sky NJ, LLC d/b/a Sky Zone Indoor Trampoline Park, Sky Zone Franchise Group, LLC, Sky Zone, LLC, and ABC, Inc. (1-5) (collectively "Defendants") for gross negligence relating to a May 2, 2015 trip and fall incident at Sky Zone location in Maple Shade, New Jersey. (Dkt No. 1 [hereinafter Compl.].) On January 4, 2016, Defendants filed a motion to compel arbitration and dismiss the complaint with prejudice, with an accompanying memorandum of law. (Dkt No. 2; Dkt No. 2, Ex. 1 [hereinafter MTC].) Defendants' argument concerns the applicability of the Participant Agreement, Release and Assumption of Risk Agreement (the "Agreement") signed by Plaintiff before accessing Sky Zone's services. (Participant Ag., MTC, Ex. B [hereinafter Ag.].) On January 18, 2016, Plaintiff filed a response and accompanying memorandum of law in opposition to Defendants' Motion. (Dkt No. 3; Dkt No. 3, Ex. 2 [Resp.].) With approval of the Court, on February 10, 2016, Defendants filed a Reply in support of their Motion. (Dkt No. 6 [hereinafter Rep.].)

Upon consideration of the full record, the Court finds that the Agreement applies to this case. Under the Agreement, Plaintiff's claims must be determined by binding arbitration. Defendants' Motion is granted.

**I.     Background**

The Agreement explains that Plaintiff waives all claims against Defendants except claims caused by Defendants' gross negligence:

> I UNDERSTAND AND AGREE THAT [DEFENDANTS] WILL NOT PAY FOR ANY COST OR EXPENSES INCURRED BY ME IF I AND/OR MY CHILD ARE INJURED UNLESS SUCH INJURY WAS CAUSED BY GREATER THAN ORDINARY NEGLIGENCE OF [DEFENDANTS]....I....do hereby voluntarily, intelligently, and with full knowledge of its legal consequences agree to hold harmless, release, and discharge [Defendants] of and from all claims, demands, causes of action, and legal liability, whether the same be known or unknown, anticipated or unanticipated, due to [Defendants'] ordinary negligence....[E]xcept in the event of [Defendants'] gross negligence and willful and wanton misconduct, I shall not bring any claims, demands, legal actions and causes of action, against [Defendants] for any economic and non-economic losses due to bodily injury, death, property damage sustained by me and/or my minor child(ren) that are in any way associated with [Defendants'] trampoline games or activities."

(Ag. at 1-2.) The Agreement further contains a binding arbitration clause:

> If there are any disputes regarding this agreement, I...hereby waive any right I...may have to a trial and agree that such dispute shall be brought within one year of the date of this Agreement and will be determined by binding arbitration before one arbitrator to be administered by the American Arbitration Association pursuant to its Comprehensive Arbitration Rules and Procedures. I further agree that the arbitration will take place solely in the state of New Jersey and that substantive law of New Jersey shall apply.

(Ag. at 2.) Plaintiff signed this agreement on May 2, 2015. (Ag. at 5.)

Plaintiff's Complaint alleges that she tripped and fell at Sky Zone due to Defendants' gross negligence. (Compl. ¶¶ 8-13.) At this stage, the only issue for the Court to resolve is whether or not the arbitration clause in the Agreement applies to Plaintiff's claims alleging gross negligence.

**II.     Standard of Review**

    **a. Federal Arbitration Act**

As a preliminary matter, the Federal Arbitration Act, 9 U.S.C. §§ 1-16, (the "FAA") applies to the Agreement. The FAA makes arbitration agreements enforceable to the same extent as other contracts. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999). The FAA applies whenever there is a written arbitration provision in a contract for a "transaction involving

2

commerce." 9 U.S.C. § 2. The parties do not dispute that the FAA applies to the Agreement's arbitration clause.

Rather, the parties dispute whether or not the arbitration clause applies to Plaintiff's claims. To settle this dispute, pursuant to the FAA, this Court must decide "whether there was an agreement to arbitration, and if so, whether the agreement is valid." *Great Western Mort. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997). The FAA "requires arbitration if two conditions are met: (1) there must be a valid agreement to arbitrate, and (2) the dispute must fall within the scope of the arbitration clause." *Allstate Ins. Co. v. Masco Corp.*, 2008 WL 183651, at *2 (E.D. Pa. 2008).

As to the scope, "[i]f the allegations underlying the claims touch matters covered by an arbitration clause in the contract, then those claims must be arbitrated..." *Brayman Const. Corp. v. Home Ins. Co.*, 319 F.3d 622, 626 (3d Cir. 2003) (quoting *Genesco, Inc. v. T. Kakiuchi & Co., Inc.*, 815 F.2d 840, 846 (2d Cir. 1987) (internal citations omitted)). Further, the FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Any dispute about the applicability of an arbitration clause to a plaintiff's allegations should be resolved in favor of arbitration. "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserts dispute. Doubts should be resolved in favor of coverage." *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (internal citations omitted); *see also Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005)

3

("When determining the existence and scope of an arbitration agreement, there is a presumption in favor of arbitrability.").

### b. 12(b)(6)

Defendants move to compel arbitration and to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Court may dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Pursuant to the FAA, if "it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F.Supp.2d 474, 482 (E.D. Pa. 2011) (internal citations omitted)). However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," then the Court should allow the matter to proceed to discovery. *Id.* (quoting *Somerset Consulting, LLC*, 832 F.Supp.2d at 482) (internal citations omitted).

---

[1] Defendants also moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). The Court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In a Rule 12(b)(1) motion, Plaintiff has the burden to establish subject-matter jurisdiction. *Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011), *as amended* (Oct. 7, 2011). "Where parties have agreed to submit claims to arbitration under a valid and enforceable arbitration clause or agreement, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper." *Allstate Ins. Co.*, 2008 WL 183651, at *2; *see also Sagal v. First USA Bank, N.A.*, 69 F. Supp. 2d 627, 632 (D. Del. 1999) *aff'd*, 254 F.3d 1078 (3d Cir. 2001) (dismissing an action for lack of subject-matter jurisdiction where all issues raised were arbitrable under an arbitration clause). As addressed in greater detail *infra*, the Court approves dismissal under 12(b)(6). As such, the Court does not engage in an analysis under 12(b)(1).

**III.     Discussion**

Plaintiff's main argument is that the Agreement required Plaintiff to release Defendants from all claims except gross negligence. (Resp. at 3.) Thus, argues Plaintiff, Plaintiff's gross negligence claim is outside the scope of the arbitration clause. (Resp. at 3-4.) The Court cannot agree with this interpretation.

First, the arbitration clause is valid and enforceable. Plaintiff argues that "it is not apparent that the parties have entered into a valid agreement to arbitrate claims related to the Defendants gross negligence." (Resp. at 3.) Plaintiff is conflating the validity versus the scope of the arbitration clause. As to the former, there is really no dispute between the parties that the arbitration clause is valid. Plaintiff offers only blanket denials. Plaintiff puts forth no evidence of any factual dispute regarding whether or not Plaintiff signed the Agreement, read the Agreement, consented to the Agreement, etc. "A naked assertion...by a party to a contract that it did not intend to be bound by the terms thereof is insufficient to place in issue the making of the arbitration agreement for the purposes of Section 4 of the [FAA]." *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 55 (3d Cir. 1980) (internal citations omitted). Moreover, Plaintiff's Complaint implicitly adopts the fact that the Agreement is enforceable, as Plaintiff has not sued for ordinary negligence specifically because such suit would be barred by the Agreement. The arbitration clause is valid.

Thus, second, the question for the Court is whether or not the scope of the arbitration clause includes Plaintiff's claims for gross negligence. The Court finds that Plaintiff has failed to rebut the presumption of arbitrability. The arbitration clause is susceptible to an interpretation that covers the gross negligence alleged.

The arbitration provision states that it includes "any disputes regarding this agreement." (Ag. at 2.) "[A]ny disputes regarding" is broad language, similar in form and function to language such as "arising under" or "arising out of." *See, e.g.*, *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 200) ("[W]hen phrases such as arising under and 'arising out of' appear in arbitration provisions, they are normally given broad construction."); *Kane v. Advanced Integrated Techs. Grp., Inc.*, 2007 WL 1237926, at *4 (E.D. Pa. 2007) (collecting cases finding arbitration provisions broad where they included any claims "arising out of or relating to this agreement"). A broad arbitration provision, coupled with the strong presumption in favor of arbitrability, suggests that this dispute is arbitrable. *See, e.g.*, *Medtronic AVE Inc. v. Cordis Corp.*, 100 F. Appx' 865, at *2 (3d Cir. 2004) (non-precedential) ("Coupled with our usual strong presumption in favor of arbitrability...a clause providing for the arbitration of all matters 'arising from' an agreement overwhelmingly suggests that a given dispute is arbitrable.").

Further, Plaintiff's gross negligence claim touches matters obviously covered by the Agreement. The Agreement addresses assumption of risk and Plaintiff's waiver of ordinary negligence claims and preserves Plaintiff's right to file a claim for gross negligence. Such issues impact the scope and definition of Plaintiff's gross negligence claim.

Therefore, all claims are dismissed, and the parties are ordered to submit these claims to arbitration in accordance with the terms of the Agreement.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.